**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

TIMOTHY P. NEUMANN, ESQ. [TN6429]
BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
25 Abe Voorhees Drive
Manasquan, NJ 08736
(732) 223-8484
tneumann@bnfsbankruptcy.com
*Attorneys for Debtor-in-Possession George Sariotis*

| | |
|---|---|
| In Re:<br><br>GEORGE SARIOTIS<br>          Debtor. | Chapter 11<br><br>Case No.:  19-32528<br><br>Judge:  Michael B. Kaplan |

Recommended Local Form:      **X**      Followed          Modified

**APPLICATION FOR RETENTION OF PROFESSIONAL**
**AND CERTIFICATE OF COMPLIANCE WITH D.N.J. LBR 2014-1(a)**

1.      The applicant, George Sariotis, is the

    ☐      Trustee:      ☐   Chap. 7      ☐   Chap. 11      ☐   Chap. 13.

    ■      Debtor:      ■   Chap. 11      ☐   Chap. 13

    ☐   Official Committee of _____

2.      The applicant seeks to retain the following professional, Broege, Neumann, Fischer &

Shaver, LLC, to serve as:

    ■      Attorney for:      ☐   Trustee   ■   Debtor-in-Possession

                              ☐   Official Committee of _____

    ☐   Accountant for:      ☐   Trustee   ☐   Debtor-in-possession

☐      Official Committee of _____

☐  Other Professional:

      ☐  Realtor  ☐  Appraiser  ☐  Special Counsel

      ☐Auctioneer    ☐  Other (specify):_____

3.     The employment of the professional is necessary because: Applicant requires the services of attorneys who are experienced in the complex area of bankruptcy law and who will be able to render expert legal advice and counsel to assist applicant in its goal to reorganize under Chapter 11 of the Bankruptcy Code.

4.     The professional has been selected because: the professional has experience in bankruptcy law and matters of the type for which retention is applied for.

5.     The professional services to be rendered are as follows:

a) advising applicant as to its duties as a debtor-in-possession under the Bankruptcy Code, including, without limitation, the obligation to open debtor-in-possession bank accounts, file monthly operating reports with the Bankruptcy Court and the office of the United States Trustee, pay quarterly fees to the United States Trustee, maintain adequate insurance on all assets of the bankruptcy estate, pay all post-petition taxes when due and file timely returns therefor, neither hire nor pay any professional without prior authorization of the Bankruptcy Court, neither sell nor dispose of any assets outside the ordinary course of business without prior authorization of the Bankruptcy Court;

b) representing applicant at the §341(a) hearing and at any meetings between applicant and creditors or creditors committees;

c) assisting applicant in obtaining the authorization of the Bankruptcy Court to retain such accountants, appraisers or other professionals whose services applicant may require in connection with the operation of its business or the administration of the Chapter 11 proceedings;

d) defending any motions made by secured creditors to enable applicant to retain the use of assets needed for an effective reorganization;

e) negotiation with priority, secured and unsecured creditors to achieve a consensual resolution of their respective claims and the incorporation of such resolution into a plan of reorganization;

f) filing and prosecution of motions to expunge or reduce claims which applicant disputes;

g) representation of applicant in the Bankruptcy Court at such hearings as may require applicant's presence or participation to protect the interest of applicant and the bankruptcy estate;

h) formulation, negotiation, preparation and filing of a disclosure statement and plan of reorganization (or liquidation) which conforms to the requirements of the Bankruptcy Code and applicable rules of procedure;

i) representing applicant at hearings on the approval of the disclosure statement and confirmation of a plan of reorganization and responding to any objections to same filed by creditors or other parties in interest;

j) assisting applicant in discharging its obligations in consummating any plan of reorganization which is confirmed;

k)  advising applicant whether and to what extent any of its assets constitute cash collateral under the Bankruptcy Code and prosecuting applications for authorization to use any such assets;

l)  providing such other varied legal advice and services as may be needed by applicant in the operation of its business or in connection with the Chapter 11 proceedings.

6.    The proposed arrangement for compensation is as follows: applicant agrees to pay applicant, subject to the approval of the Bankruptcy Court, based upon the following hourly rates for the following individuals who applicant anticipates will or may render services on its behalf: Timothy P. Neumann - $600 per hour; Peter J. Broege $595 – David E. Shaver $425 per hour; associates - $275 per hour; paralegals - $100.00 per hour.

7.    To the best of the applicant's knowledge, the professional's connection with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

Describe connection:   BNFS has represented the Debtor in the following matters:

A.  Thomas Tsilivitis and TSS Holdings, LLC v. George Sariotis;       Docket No: MON-L-2700-16.  Defense of Damages, non payment of mortgage etc
B.   Hudson Insurance Company vs Sariotis et als Docket No. Mon-L-3080-16; Defense of complaint for indemnity to Hudson Insurance Company
C.   Aluma Systems Concert vs Sariotis, et als   Docket No. L-001709-16; Negotiate potential settlement

3

D.   Dreyers Lumber & Hardware Inc vs Sariotis, et als   Docket no. L-002536-15. Negotiate potential settlement

E.   Two River Community Bank vs Sariotis, et als Docket No. L 002903-17. Defense guarantees of lines of credit to GCS Contractors, etc

F.   Joseph Fazio Wall  LLC vs Sariotis, et als    Docket No. DC 003029-15. Negotiate potential settlement.

G.   Aaron & Com vs. Sariotis, e als   Docket No. DC-9578-16.  Negotiate potential settlement.

H.   Woodhaven Lumber & Millwork vs Sariotis,  et als   Docket No. DC-009067-15. Negotiate potential settlement

I.   Discover Bank vs Sariotis, George   Docket No. DC-003304-19.  Negotiate potential settlement

J.   Gregory Sariotis, Christopher Sariotis, George Sariotis and Sariotis Enterprises, LLC  vs Matthew Tucci  Law Division, Monmouth County, Docket No. Mon-L-3242-19.  Plaintiff SELLC was to be the manager of the properties, over see their sale and/or leasing, and be paid a monthly management fee the amount of which would be determined at a later date; With respect to properties that were sold, the sales proceeds would first be applied to repay Defendant for the construction and other costs paid by Defendant, and the balance would be divided evenly among Defendant and Plaintiffs Gregory Sariotis, Christopher Sariotis, and George Sariotis.

8.    To the best of the applicant's knowledge, the professional (check all that apply):

■        does not hold an adverse interest to the estate.

■        does not represent an adverse interest to the estate.

■        is a disinterested person under 11 U.S.C. § 101(14).

■        does not represent or hold any interest adverse to the debtor or the estate with respect

to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

9.   If the professional is an auctioneer, appraiser or realtor, the location and description of the

property is as follows: NA

4

5

Wherefore, the applicant respectfully requests authorization to employ the professional to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow.


Date:  December 2, 2019                     By: /s/ George Sariotis
                                                 George Sariotis