| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**MEYNER AND LANDIS LLP**<br>**One Gateway Center, Suite 2500**<br>**Newark, New Jersey 07102**<br>**(973) 602-3432**<br>Attorneys for Secured Creditor Two River Community Bank<br>David B. Grantz, Esq. (DG1967) | |
| In Re:<br><br>GEORGE SARIOTIS,<br><br>       Debtor. | Case No.:   19-32528-MBK<br><br>Chapter:   11<br><br>Judge:   Michael B. Kaplan |

**BRIEF IN SUPPORT OF TWO RIVER COMMUNITY BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY PETITION FILED IN BAD FAITH**

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS……………………………………………………………………….2

PRELIMINARY STATEMENT……………………………………………………………….3

STATEMENT OF FACTS…………………………………………..…………………………4

LEGAL ARGUMENT………………………………………………………………………….5

       THE AUTOMATIC STAY SHOULD BE LIFTED FOR LACK
       OF ADEQUATE PROTECTION OR, ALTERNATIVELY, THE
       PETITION SHOULD BE DISMISSED AS A BAD FAITH
       FILING

CONCLUSION…………………………………………..…………………………………...10

## **PRELIMINARY STATEMENT**

This brief is submitted in support of the motion by Two River Community Bank ("**Two River**") for relief from the automatic stay or, in the alternative, to dismiss the Chapter 11 bankruptcy petition ("**Petition**") filed in bad faith by George Sariotis ("**Debtor**").

Debtor filed his Petition on December 2, 2019, just **minutes** before the Sheriff's sale of property located at 1046 Wayside Road, Tinton Falls, New Jersey (the "**Wayside Property**") (vacant land) for the sole purpose of forestalling the sale, as well as forestalling the pending foreclosures of properties located at 61 Redwood Drive, Ocean Township, New Jersey (the "**Redwood Property**") and 1801 Pitney Street, Ocean Township, New Jersey (the "**Pitney Property**")(collectively, the "**Properties**"). The automatic stay should be lifted as to the Properties because there is no equity in the Properties and Two River is not adequately protected.

Moreover, the evidence presented clearly shows that Debtor filed his Petition for the wrong reasons and in violation of the bad faith standard. There is no dispute that Debtor filed his Petition minutes before the Sheriff's sale of the Wayside Property for the sole purpose of delaying its inevitable sale. The Petition should therefore be dismissed as a bad faith filing

## **STATEMENT OF FACTS**

The undisputed, material facts are set forth in the Certification of David B. Grantz, Esq. (**"Grantz Cert."**) and are incorporated by reference as if set forth at length.

## **LEGAL ARGUMENT**

## **THE AUTOMATIC STAY SHOULD BE LIFTED FOR LACK OF ADEQUATE PROTECTION OR, ALTERNATIVELY, THE PETITION SHOULD BE DISMISSED AS A BAD FAITH FILING**

Two River submits it is entitled to relief from the automatic stay to complete its Sheriff's sale of the Wayside Property and continue its two commercial foreclosures against the residential properties, the Redwood and Pitney Properties, which are currently pending.

Pursuant to 11 U.S.C. § 362(d)(1):

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, **including the lack of adequate protection** of an interest in property of such party in interest... (Emphasis added).

The mandatory language of section 362 (d)(1) requires that a court grant relief from the stay unless a creditor is adequately protected. In re Richards Pontiac, Inc., 6 B.R. 773 (Bankr. E.D.N.Y. 1980). When a movant relies on a lack of adequate protection as a ground for relief from the stay, it must demonstrate a decline or potential decline in the value of the property. In re Elmira Litho, Inc., 174 B.R. 892, (Bankr. S.D.N.Y. 1994).

In this case, as more fully set forth in the Grantz Cert., the decline in the Properties' value results in Two Rivers not being adequately protected. The Wayside Judgment totaled **$481,711.81** for the Wayside Mortgages. Debtor's Petition listed Wayside Property's value at **$150,000**. There is also a significant tax lien on Wayside Property. Debtor listed the value of the Redwood Property as **$450,000**. However, the amount due on the Redwood Mortgages totals over **$504,568** and there is a tax lien on the Redwood Property as well. As for the Pitney Property, the amount due on the three Pitney Mortgages total over **$554,602**, which sum does not include the amounts due on the first and second mortgages. The Petition listed the value of the Pitney Property at **$603,000**.

In short, the Properties have no equity and their values are rapidly deteriorating due to accruing interest and taxes. Moreover, the burden of demonstrating that a creditor's interests are adequately protected is on the debtor. In re Allstar Building Products, Inc., 834 F.2d 898 (11th Cir. 1987).

Courts within this Circuit have developed a three-prong balancing test to determine whether to grant relief from the stay: (1) whether any great prejudice to either the bankrupt estate or the debtor will result from continuing the civil suit; (2) whether the hardship to the non-bankrupt party by maintaining the stay considerably outweighs the hardship to debtor; and (3) the probability of the creditor prevailing on the merits. In re SCO Group, Inc., 395 B.R. 852, 857 (Bankr. D. Del. 2007) citing Izzarelli v. Rexene (In re Rexene Prods. Co.), 141 B.R. 574, 576 (Bankr. D.Del.1992).

In this case, Two River will be severely prejudiced if this Court does not allow the state court foreclosure suits to continue due to the deteriorating equity in the Properties. Two River will suffer hardship if the Court continues the automatic stay. Debtor will continue to "occupy" the Properties without paying real estate taxes and commercial loan payments to Two River. Two River faces continued hardship because it cannot complete the Sheriff's sale of the Wayside Property (which is **vacant** land), or complete its foreclosures on the Redwood and Pitney Properties without stay relief. Moreover, it is likely Two River will prevail on the merits since Debtor cannot provide adequate protection to Two River.

In light of the undeniable facts that: (1) Debtor has no equity in the Properties; (2) the Properties are unnecessary to a successful reorganization; and (3) Debtor cannot provide Two River with adequate protection, the automatic stay must be lifted so Two River can pursue its state court foreclosure actions.

Alternatively, Debtor's Chapter 11 Petition should be dismissed as a bad faith filing. Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. § 1112(b), unless filed in good faith. Filing a bankruptcy petition in "bad faith" is sufficient cause for relief from the automatic stay pursuant to section 362(d)(1). In re Lippolis, 228 B.R. 106, 112 (E.D. Pa. 1998), citing In re Nelson, 66 B.R. 231, 236–37 (granting relief from stay under 362(d)(1) for "cause" due to "abuse and misuse of bankruptcy jurisdiction"). Moreover, it is **Debtor's** burden to establish that his Petition was filed in good faith. *See* In re SGL Carbon Corp., 200 F.3d 154, 159–62 (3d Cir.1999); *accord* Solow v. PPI Enters. (U.S.), Inc. (In re PPI Enters. (U.S.), Inc.), 324 F.3d 197, 211 (3d Cir.2001) ("The debtor bears the burden of establishing good faith.")

The Third Circuit developed several factors to consider when determining whether a bankruptcy case has been filed in good faith. The Delaware District Court in Primestone Investment Partners articulated these factors, as follows:

  a. Single asset case;
  b. Few unsecured creditors;
  c. No ongoing business or employees;
  d. Petition filed on eve of foreclosure;
  e. Two party dispute which can be resolved in pending state court action;
  f. No cash or income;
  g. No pressure from non-moving creditors;
  h. Previous bankruptcy petition;
  i. Prepetition conduct was improper;
  j. No possibility of reorganization;
  k. Debtor formed immediately prepetition;
  l. Debtor filed solely to create automatic stay; and
  m. Subjective intent of the debtor.

*See* In re Primestone Inv. Partners, L.P., 272 B.R. 554, 557 (D.Del.2002) (citations omitted).

The Third Circuit adopted a "totality of facts and circumstances" test to determine whether the petition was filed for a "valid reorganizational purpose." *See* In re JER/Jameson Mezz Borrower II, LLC, 461 B.R. 293, 297–98 (Bankr. D. Del. 2011)(citing SGL Carbon, 200 F.3d at 165–66). "The test is a 'fact intensive inquiry' which requires a determination of where

'the [bankruptcy] petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." Id.

Many of the bad faith factors are present in this matter.

First, Debtor filed his Petition **minutes** before the Sheriff's sale of the Wayside Property. The Sheriff's sale was scheduled for December 2, 2019 at 2:00 p.m. and the Petition was filed on December 2, 2019 at 1:47 p.m. The **only** reason for Debtor filing for Chapter 11 Petition was to forestall the Sheriff's sale of the Wayside Property and impose the automatic stay.

Second, Debtor has no cash or income and there is no equity in any of the Properties, which are all in various stages of foreclosure. Significantly, Debtor did not file any contesting answers in the three foreclosure actions and defaults were therefore entered. None of the three Properties produces any income. The Wayside Property is vacant land, Debtor's mother resides in the Redwood Property and Debtor resides in the Pitney Property.

Third, Debtor has **no** possibility of proposing a viable plan of reorganization. Debtor has no revenue to pay its obligations. Without any revenue, Debtor will be unable to make any proposed plan payments, nor will Debtor be able to provide for adequate protection or interest payments as contemplated by 11 U.S.C. § 362(d)(3).

Fourth, there are few unsecured creditors listed in the Petition.

Fifth, Debtor did not file bankruptcy for purposes of reorganization -- Debtor's sole goal was to forestall the Sheriff's sale of the Wayside Property. Debtor cannot pay his obligations to Two River. Debtor cannot even pay the real estate taxes on the Wayside and Redwood Properties, which has resulted in sizable tax liens on the Wayside and Redwood Properties. See In re Pensignorkay, Inc., 204 B.R. 676, 681 (Bankr. E.D. Pa. 1997)(existence of unpaid real estate taxes constitutes a source of continuing loss to or diminution of the estate,

provides additional cause for dismissal under Code § 1112(b)(1)); *See also* <u>In re Costa Bonita Beach Resort, Inc.</u>, 513 B.R. 184, 200 (Bankr. D.P.R. 2014)("The Debtor's assertion to the effect that these taxes will be paid as an administrative expenses on the effective date of any potential plan does not provide basis for the court not to find cause under section 1112(b)(4)(I)…").

In short, Debtor filed for the sole purpose of invoking the automatic stay to prevent the Sheriff's sale of the Wayside Property. Several courts have held that "a petition in bankruptcy is filed in bad faith when the relief sought by the filing is exclusively the operation of an automatic stay in order to prevent a foreclosure." <u>Nelson</u>, 66 B.R. at 235 (citing <u>Matter of 299 Jack–Hemp Assocs.</u>, 20 B.R. 412 (Bankr.S.D.N.Y.1982)); <u>In re Rye</u>, 54 B.R. 180, 182 (Bankr.D.S.C.1985) (citing <u>California Mortgage Service v. Yukon Enters., Inc.</u>, 39 B.R. 919, 921 (Bankr.C.D.Cal.1984); <u>Meadowbrook Investors Group v. Thirtieth Place, Inc.</u>, 30 B.R. 503 (9th Cir. BAP 1983)); <u>In re Zed, Inc.</u>, 20 B.R. 462 (Bankr.N.D.Cal.1982); <u>In re Alison Corp.</u>, 9 B.R. 827 (Bankr.S.D.Cal.1981). In <u>Lippolis</u>, 228 B.R. 106, 112 (E.D. Pa. 1998), the court held that bankruptcies filed only to prevent foreclosure will not be tolerated.

> It is undisputed that the sole reason for Debtor's bankruptcy was to invoke the automatic stay and prevent the scheduled Sheriff's Sale. This is an abuse of the bankruptcy process which will not be tolerated.

Here, it is clear that Debtor filed his Petition in bad faith to stop the Sheriff's sale of Wayside Property and, for that reason, the Petition should be dismissed.

In light of the undeniable facts that (1) Debtor has no equity in the Properties; (2) the Properties are unnecessary to a successful reorganization; (3) Debtor cannot provide Two River with adequate protection; and (4) the Petition was filed for the sole purpose of stopping the

Sheriff's sale of the Wayside Property, the automatic stay should be lifted or in the alternative, the Petition dismissed as a bad faith filing.

## CONCLUSION

For the reasons set forth above, Two River Community Bank respectfully requests that this Court lift the automatic stay as to the Wayside, Redwood and Pitney Properties or, in the alternative, dismiss Debtor's Chapter 11 Bankruptcy.

**MEYNER AND LANDIS LLP**
*Attorneys for Secured Creditor*

By:    */s/ David B. Grantz*
        _____
        David B. Grantz, Esq.

DATED: January 29, 2020