| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>**MEYNER AND LANDIS LLP**<br>**One Gateway Center, Suite 2500**<br>**Newark, New Jersey 07102**<br>**(973) 602-3478**<br>Attorneys for Secured Creditor<br>Two River Community Bank<br>Matthew P. Dolan, Esq.<br>MDolan@Meyner.com | |
| In Re:<br><br>GEORGE SARIOTIS,<br><br>          Debtor. | Case No.:    19-32528<br><br>Chapter:    11<br><br>Judge:    Michael B. Kaplan |

*MEMORANDUM OF LAW IN REPLY TO DEBTOR GEORGE SARIOTIS' OPPOSITION TO TWO RIVER COMMUNITY BANK'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR, IN THE ALTERNATIVE, TO DISMISS DEBTOR'S CHAPTER 11 BANKRUPTCY PETITION FILED IN BAD FAITH*

**On the brief**
**David B. Grantz, Esq.**
**Matthew P. Dolan, Esq.**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................................ 3

PRELIMINARY STATEMENT ................................................................................................... 4

LEGAL ARGUMENT ................................................................................................................... 6

   I.   THE PETITION SHOULD BE DISMISSED BECAUSE THE DEBTOR FAILED TO MEET HIS BURDEN TO ESTABLISH THE PETITION WAS FILED IN GOOD FAITH ... 6

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Cases**

*Griglak v. CTX Mortgage Co.*, LLC, 09-5247MLC, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) .................................................................................................................................. 7
*In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 618 (3d Cir. 2009) ............................... 6
*In re Cocreham*, 13-26465-A-13J, 2013 WL 4510694, at *3 (Bankr. E.D. Cal. Aug. 23, 2013) 8
*In re Darosa*, 442 B.R. 173, 177 (Bankr. D. Mass. 2010) ........................................................... 8
*In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 298 (Bankr. D. Del. 2011) .............. 6
*In re Primestone Inv. Partners, L.P.*, 272 B.R. 554, 557 (D. Del. 2002) ..................................... 6
*In re Rent-A-Wreck of Am., Inc.*, 596 B.R. 112, 117 (D. Del. 2019) ........................................ 5, 6
*In re Stone Fox Capital LLC*, 572 B.R. 582, 591 (Bankr. W.D. Pa. 2017) .................................. 6

**Statutes**

11 U.S.C. § 1112(b) ....................................................................................................................... 6

**Rules**

*Fed R. Evid.* 803(17) ..................................................................................................................... 8
*Fed. R. Evid.* 803(17) .................................................................................................................... 8

**PRELIMINARY STATEMENT**

Two River's Motion for Relief from the Automatic Stay or, in the alternative, to Dismiss (the "**Motion**") sets forth a *prima facie* case of bad faith on the part of the Debtor George Sariotis ("**Debtor**") based on the following facts: (1) the Petition was filed minutes before the scheduled Sheriff's sale of the Wayside Property[1] as a litigation tactic solely to create an automatic stay; (2) there is no cash, income or equity in the Properties; (3) there is no possibility of proposing a viable plan of reorganization based on the Debtor's social security income of only approximately $2,000 per month and liabilities in excess of $1.2 million; and (4) there are relatively few unsecured creditors listed in the Petition.

In opposition, the Debtor does not address the majority of Two Rivers' arguments in support. Instead, the Debtor argues only that there may actually be equity in one of the properties, the Wayside Property, based on a "Zillow" search attached to the Debtor's Certification in Support. However, Debtor's "Zillow" search results are inadmissible under the Federal Rules of Civil Procedure and erroneously append a search for a property Debtor does not own – 1064 Wayside Road (Debtor transposed the numbers in the address from 1046 to 1064). The Wayside Property is not really worth in excess of $500,000 as Debtor contends, but approximately $160,000, which means the Properties have no equity.

"When a motion to dismiss a bankruptcy case is filed, the burden is on the petitioner to establish by a preponderance of the evidence that good faith exists." *In re Rent-A-Wreck of*

---

[1] Capitalized terms not expressly defined herein shall be given the meaning set forth in the Motion and the Certification of David B. Grantz, Esq. in Support (the "**Grantz Cert. in Support**") and those definitions shall be expressly adopted and incorporated as if set forth at length herein.

- 4 -

*Am., Inc.*, 596 B.R. 112, 117 (D. Del. 2019). Debtor has failed to meet that burden here and, as a result, the Petition should be dismissed.

## LEGAL ARGUMENT

### I. THE PETITION SHOULD BE DISMISSED BECAUSE THE DEBTOR FAILED TO MEET HIS BURDEN TO ESTABLISH THE PETITION WAS FILED IN GOOD FAITH

Chapter 11 bankruptcy petitions are "subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith and the burden is on the bankruptcy petitioner to establish good faith." *In re 15375 Mem'l Corp. v. Bepco, L.P.*, 589 F.3d 605, 618 (3d Cir. 2009). When a Petition is filed in bad faith, without a valid bankruptcy purpose and a reasonable prospect of reorganization, dismissal is the appropriate remedy. *In re Stone Fox Capital LLC*, 572 B.R. 582, 591 (Bankr. W.D. Pa. 2017); *In re JER/Jameson Mezz Borrower II, LLC*, 461 B.R. 293, 298 (Bankr. D. Del. 2011) ("The burden is on the Debtors to establish that they filed their petitions in good faith to preserve the Debtors' going concern value or to maximize the value of the Debtors' estate, rather than as a litigation tactic"); *In re Rent-A-Wreck of Am., Inc.*, 596 B.R. 112, 117 (D. Del. 2019) ("When a motion to dismiss a bankruptcy case is filed, the burden is on the petitioner to establish by a preponderance of the evidence that good faith exists"). The Petition should be dismissed because the Debtor failed to meet his burden to establish that the Petition was filed in good faith.

The Motion argued, *inter alia*, that the Debtor's Petition was filed only as a litigation tactic, without a valid reorganizational purpose and was, therefore filed in bad faith. Indeed, Two River rightfully noted that the Petition satisfied many of the bad faith factors outlined in *In re Primestone Inv. Partners, L.P.*, 272 B.R. 554, 557 (D. Del. 2002) including, but not limited to, the following: (1) the Petition was filed minutes before the scheduled Sheriff's sale of the Wayside Property solely to create an automatic stay; (2) there is no cash, income or equity in

the Properties; (3) there is no possibility of proposing a viable plan of reorganization based on the Debtor's social security income of only approximately $2,000 per month and liabilities in excess of $1.2 million; and (4) there are relatively few unsecured creditors listed in the Petition.

In opposition, Debtor does not dispute that (1) the Petition was filed minutes before a scheduled Sheriff Sale; (2) there is no possibility of proposing a viable plan of reorganization based on the Debtor's income and stated liabilities; and (3) there are relatively few unsecured creditors listed in the Petition[2]. Debtor's only argument in opposition is that the "Zillow" values for the Properties are more than the amounts listed in his Petition and, therefore, there may be equity in the Properties at issue. This argument fails for two reasons.

First, the Court should reject Debtor's opposition to the Motion because Debtor's Certification in Opposition (the "**Sariotis Cert.**") erroneously attaches a "Zillow" search for 1064 Wayside Road, Tinton Falls, NJ 077123. However, Debtor does not own 1064 Wayside Road. Debtor owns 1046 Wayside Road, a vacant lot, apparently unlisted on Zillow. On or about June 20, 2019, Two River obtained an appraisal for 1046 Wayside Road that reflected an approximate market value of $160,000. See Certification of David B. Grantz, Esq. in Reply to the Opposition to Two River's Motion for Relief From the Automatic Stay or, in the Alternative, to Dismiss Debtor's Chapter 11 Bankruptcy Petition Filed in Bad Faith at **Exhibit "1"**. Two River submits that $160,000 is likely much closer to the true value of the Wayside

---

[2] These arguments should be accepted as uncontested as New Jersey courts in this district have held that the failure to respond to substantive arguments in similar circumstances result in a waiver. *See e.g., Griglak v. CTX Mortgage Co.*, LLC, 09-5247MLC, 2010 WL 1424023, at *3 (D.N.J. Apr. 8, 2010) ("The failure to respond to a substantive argument to dismiss a count, when a party otherwise files opposition, results in a waiver of that count.").

[3] We understand from speaking with Counsel for Debtor that this was inadvertent and Debtor intends to submit an Amended Certification in Support.

Property than 1064 Wayside Road which Debtor does not own and which includes a renovated four bedroom, three bath home. See Sariotis Cert. at Exhibit 1.

Second, Debtor's reliance on Zillow searches in order to establish market value is improper and should be rejected as those values are inherently unreliable and inadmissible pursuant to *Fed R. Evid.* 803(17). *See In re Cocreham*, 13-26465-A-13J, 2013 WL 4510694, at *3 (Bankr. E.D. Cal. Aug. 23, 2013). This is because "Zillow is a participatory site almost like Wikipedia. Whereas Wikipedia allows anyone to input or change specific entries, Zillow allows homeowners to do so. A homeowner with no technical skill beyond the ability to surf the web can log in to Zillow and add or subtract data that will change the value of his property." *Id.*; *In re Darosa*, 442 B.R. 173, 177 (Bankr. D. Mass. 2010) (rejecting the use of Zillow "Zestimates" as inherently unreliable). Since the Zillow "Zestimates" are subject to manipulation by homeowners and have been deemed inadmissible by bankruptcy under *Fed. R. Evid.* 803(17), those values submitted in support by the Debtor should likewise be rejected here.

If this Court ascribes a proper fair market value to the Wayside Property in the range of $160,000 and disregards the "Zestimates", then there is no dispute that there is no (or very little) equity in the Properties and based on Debtor's social security income of $2,446 per month and stated liabilities of $1,255,657.35, there is no reasonable prospect of reorganization. Thus, accepting as true and undisputed the fact that the Petition was filed as a litigation tactic minutes before the Sheriff sale, that there is no equity in the Properties and because there is no income available for the Debtor to effectively re-organize or otherwise preserve the Properties comprising the Estate (let alone maximize their value), there is only one conclusion – the Petition was filed for a bad faith purpose not to preserve the Properties or maximize their value but solely as a litigation tactic.

The Debtor's opposition left unaddressed nearly all of Two River's arguments in support and therefore failed to satisfy Debtor's burden to establish good faith. As a result, the Petition should be dismissed or, in the alternative, Two River should be granted relief from the Stay[4].

---

[4] In light of the Debtor's failure to address many of Two River's arguments in support and even attempt to meet his burden to show good faith, Two River has enclosed with this filing a proposed alternative Order dismissing the Petition, *with prejudice*.

## **CONCLUSION**

For the reasons set forth above, Two River Community Bank respectfully requests that this Court dismiss the Petition or, alternatively, lift the automatic stay as to the Wayside, Redwood and Pitney Properties.

**MEYNER AND LANDIS LLP**
*Attorneys for Secured Creditor*
*Two River Community Bank*

By:    */s/ Matthew P. Dolan*
       Matthew P. Dolan

DATED:    March 2, 2020