UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Timothy P. Neumann, Esq. [TN6429]
BROEGE, NEUMANN, FISCHER & SHAVER, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Tel: (732) 223-8484
Email: Timothy.neumann25@gmail.com

*Attorneys for Debtor/Debtor In Possession*
*George Sariotis*

| | |
|---|---|
| In Re: | Case No.:  19-32528 |
| **GEORGE SARIOTIS,** | Chapter 11 |
| Debtor. | Judge:  Michael B. Kaplan |

## SUPPLEMENTAL CERTIFICATION OF GEORGE SARIOTIS IN OPPOSITION TO MOTION FOR STAY RELIEF FILED BY TWO RIVER COMMUNITY BANK

I, George Sariotis, upon my oath certifies as follows:

1. I am the Debtor/Debtor-in-Possession in the above-captioned bankruptcy proceeding.

2. I make this certification in opposition to the Motion by Two River Community Bank (the "Bank") for relief from the automatic stay (the "Motion").

3. I filed my remaining schedules on January 8, 2020, which included estimated values for the subject properties located at 1046 Wayside Road, Tinton Falls, NJ (the "Wayside Property");  my residence at 1801 Pitney Street, Oakhurst, NJ (the "Pitney Property"); and 61 Redwood Drive, Ocean, NJ (the "Redwood Property") (collectively, the "Properties").

4. At the time I did not realize I had under-valued the Properties.

5. I contacted a real estate broker and am in the process of signing listing agreements to list all of the real estate I own for sale. The Wayside Property is a vacant lot and it will be listed

for $250,000. The Pitney Property will be listed at $750,000.00 and the Redwood Property

will be listed at $600,000.00. This totals $1,600,000 in real property values which I believe

is the approximate fair market value of my properties.

6.      The bank holds mortgages on all three properties to secure three loans. It is easy to say that

there is no equity in any given property if each property is viewed in isolation which what

the Bank apparently is doing.

7.      The Bank says that the Wayside Property lacks equity because it is encumbered by

mortgages securing the 6/23/2014 Note and the 11/21/2014 Note (see Certification of

David Grantz at para. 3 through 6). The 11/21/2014 Note is also secured by the "Third

Redwood Mortgage" (Cert. of Grantz at para 20) and the "Fifth Pitney Mortgage" (Cert of

Grantz at para. 33). The 6/23/2014 Note is also secured by the "Fourth Pitney Mortgage"

(Cert of Grantz at para. 31).

8.      The Bank says that the Redwood Property lacks equity because it is encumbered by

mortgages securing the 12/16/11 Note and the 11/21/14 Note. The 11/21/14 Note is also

secured by the "Second Wayside Mortgage" and the "Fifth Pitney Mortgage" (Cert of

Grantz at para. 33). The 12/16/11 Note is also secured by the "Third Pitney Mortgage"

(Cert of Grantz at para. 29).

9.      The Bank says the Pitney Property lacks equity because it is encumbered by mortgages

securing all three loans – the 12/6/11 Note, the 6/23/14 Note and the 11/21 14 Note (Cert.

of Grantz at para. 29,31 and 33).

10.     I cannot really tell how much the Bank is claiming to be owed because the certification of

amount due in the foreclosure (Exhibit J to the Grantz Cert.) only addresses two of the

three loans. It is far less than the value of the real properties securing the amounts owed to the Bank.

11.　　It appears to be $504,000 on the 12/6/11 Note and 11/21/14 Note combined (Cert of Grantz at para. 24).

12.　　I will list and sell everything if necessary to pay the Bank.

13.　　I did not file the Chapter 11 in bad faith. It was filed to preserve the equity in the real properties I own.

I hereby certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.


BY: _/s/ George Sariotis_____
　　 GEORGE SARIOTI

Dated: March 3, 2020