UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-1**

**MEYNER AND LANDIS LLP**
One Gateway Center, Suite 2500
Newark, New Jersey 07102
(973) 602-3478
Matthew P. Dolan, Esq.
MDolan@meyner.com
*Attorneys for TwoRiver Community Bank*

In Proceedings Under
Chapter 11 of the
United States Bankruptcy Code

IN RE:

GEORGE SARIOTIS

Debtor.

Case No.: 19-32528 (MBK)

Honorable Michael B. Kaplan, U.S.B.J.

**APPLICATION OF CREDITOR, TWO RIVER COMMUNITY BANK, PURSUANT TO D.N.J. 9021-1 TO APPROVE A CONSENT ORDER EXTENDING THE CLAIMS BAR DATE TO FILE A PROOF OF CLAIM FOR TWO RIVER COMMUNITY BANK**

**TWO RIVER COMMUNITY BANK**, a secured creditor in the matter ("**Two River**") by and through its attorneys, Meyner and Landis LLP, by way of this application (the "**Application**") for the entry of a Consent Order Extending the Claims Bar Date to File a Proof of Claim for Two River Community Bank, a copy of which is attached as Exhibit 1" to this Application (the "**Consent Order**"), respectfully represents as follows:

**FACTUAL BACKGROUND**

1. On December 2, 2019, Debtor George Sariotis ("**Debtor**") commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), Case No.: 19-32528 (MBK).

1

2. On December 3, 2019, the Court entered an Order establishing the deadline for filing proofs of claim and procedures related thereto, which established February 10, 2020 as the deadline for filing proofs of claim in the chapter 11 case (the "**Bar Date**").

3. On January 29, 2020, Two River filed a Motion for Relief from the Stay or, in the alternative, to Dismiss which, *inter alia*, identified all the loans outstanding and due to Two River from the Debtor (the "**Motion**").

4. After filing the Motion, Counsel for Two River, Matthew P. Dolan, Esq., discovered a close family member was diagnosed with cancer and was required to direct his attention to those matters.

5. As a result, Two River failed to file a formal proof of claim on the Deadline, but shortly after the Deadline notified Counsel for Debtor, Timothy Neumann, Esq. of that inadvertent error. At that time, Mr. Neumann consented to allow Two River an extension of time to file its Proof of Claim.

6. On March 5, 2020, the Honorable Michael B. Kaplan, U.S.B.J. granted the Motion, in part.

7. On March 10, 2020, a proposed Order was filed with Judge Kaplan but that Order has not yet been entered by the Court.

8. On March 20, 2020, Two River filed its Proof of Claim (the "**Proof of Claim**").

9. Consistent with Mr. Neumann's consent, and as provided in the Consent Order attached as "Exhibit 1", Debtor has agreed to extend Two River's time to file the Proof of Claim to March 20, 2020.

10. As provided in the Consent Order, Debtor's consent to an extension of time to

file the Consent Order shall not in any way waive or otherwise affect Debtor's right to object to the Proof of Claim on some another basis at a later date.

## RELIEF REQUESTED AND BASIS THEREFORE

11.  Two River submits that the relief provide by the Consent Order is authorized by the Bankruptcy Code and the applicable rules for two reasons.

12.  First, the Motion, filed prior to the Bar Date, qualifies as an "informal proof of claim" as that term is understood in the Third Circuit.

13.  In determining whether a document constitutes an informal proof of claim, the Court considers: (1) whether the document is in writing; (2) whether it contains a demand by the creditor on the Debtor's estate; (3) whether it expresses an intent to hold the debtor liable for the debt; (4) whether it is filed with the bankruptcy court; and (5) given the facts of the case, whether it would be equitable to allow the amendment. In re Brown, 76 Fed. Appx. 471, 471 (3d Cir. 2003) (finding motion for relief from the stay can constitute an informal proof of claim); In re Roper & Twardowsky, LLC, 15-32878 (SLM), 2017 WL 3311222, at *10 (Bankr. D.N.J. July 5, 2017).

14.  Since the Motion was (1) in writing; (2) contained a demand by Two River for repayment under the subject loans; (3) expressed an intent to hold the Debtor liable; (4) was filed with the Bankruptcy Court; and (5) would not prejudice Debtor or the Estate (because Debtor consents and because no Plan or any other substantive filings and/or proceedings have taken place to date), Two River respectfully submits that the March 17, 2020 Proof of Claim can be deemed timely as an amendment to the Motion which was an "informal proof of claim".

15.  Second, assuming *arguendo*, the Motion did not qualify as an informal proof of

claim, Two River respectfully submits that excusable neglect pursuant to Federal Rule of Bankruptcy Procedure 9006(b) exists.

16. In determining the existence of excusable neglect the courts are to consider: (a) "the danger of prejudice to the debtor;" (b) "the length of the delay and its potential impact on the judicial proceedings;" (c) "the reason for the delay, including whether it was within the reasonable control of the movant;" and (d) "whether the movant acted in good faith." Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 07 U.S. 380, 395 (1993).

17. In Pioneer the Court emphasized "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id.; see also Chemetron Corp. v. Jones, 72 F.3d 341, 349-350 (3d Cir. 1995) (stressing that the totality of the circumstances must be examined in the excusable neglect inquiry).

18. Furthermore, "[a]ll [of the four] factors must be considered and balanced; no one actor trumps the others." Hefta v. Official Comm. of Unsecured Creditors (In re Am. Classic Voyages Co.), 405 F.3d 127 (3d Cir. 2005) (citing George Harms Constr. Co. v. Chao, 371 F.3d 156, 164 (3d Cir. 2004)).

19. In this case there (1) is no prejudice to the Debtor (in fact the Debtor consents); (2) the length of time from the Bar Date to notice upon the Debtor was only a matter of weeks; and (3) the reason for the delay was within the control of the movant but Two River acted in good faith promptly advising the Debtor's Counsel of the situation and filing the instant Motion to permit the late Proof of Claim.

20. Based on the above, assuming *arguendo* the Motion did not qualify as an informal Proof of Claim, Two River respectfully submits that there is sufficient cause for the

4

Court to find excusable neglect on the part of Two River and deem the Proof of Claim timely filed.

## NOTICE

21. To permit the other interested parties time to consider and object to the extension provided in the Consent Order and pursuant to D.N.J. LBR 9021-1, Two River is serving a copy of this Application and the attached proposed Consent Order on the Debtor's Counsel, Counsel for the Trustee, Lauren Bielskie, Esq., and all parties who have filed a notice of appearance and request for notice in this matter pursuant to FRBP 2002 and 9010.

22. In accordance with D.N.J. LBR 9021-1, Two River is also mailing a copy of this Application and the attached proposed Consent Order on the creditors holding the twenty largest unsecured claims as identified in the Debtor's Amended Schedules.

23. A proof of service is attached to this Application as well.

## CONCLUSION

WHEREFORE, Two River respectfully requests that this Court (i) enter the Consent Order as requested in this Application; and (ii) grant such other and further relief as it deems equitable and just.

    **MEYNER AND LANDIS LLP**
    Attorneys for Secured Creditor
    Two River Community Bank


    By: */s/ Matthew P. Dolan*
        Matthew P. Dolan

# EXHIBIT "1"

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**MEYNER AND LANDIS LLP**<br>One Gateway Center, Suite 2500<br>Newark, New Jersey 07102<br>(973) 602-3478<br>Matthew P. Dolan, Esq.<br>MDolan@Meyner.com<br>Attorneys for Two River Community Bank | In Proceedings Under<br>Chapter 11 of the<br>United States Bankruptcy Code<br><br>Case No. 19-32528<br><br>Judge: Hon. Michael B. Kaplan |
| IN RE:<br><br>GEORGE SARIOTIS,<br><br>                             Debtor. | |

**CONSENT ORDER EXTENDING THE CLAIM BAR DATE FOR TWO RIVER COMMUNITY BANK TO MARCH 20, 2020**

<div style="border:1px solid black; padding:10px; text-align:center;">
Recommended Local Form:    ☐ Followed    ☐ Modified
</div>

The relief set forth on the following pages two and three is hereby **ORDERED**.

(Page 2)
Debtor:            George Sariotis
Case No.:          19-32528
Caption of Order:  Consent Order Extending Claim Bar Date for Two River Community
                   Bank's Formal Proof of Claim

Upon the application of Secured Creditor Two River Community Bank ("Two River") by way of Consent pursuant to D.N.J. LBR 9021-1 for an extension of the Claim Bar Date to allow either an Amended Proof of Claim to be deemed timely filed as of March 20, 2020 or, alternatively, an extension of the Claim Bar Date for Two River to March 20, 2020 based on excusable neglect pursuant to FRBP 9006(b), and with the consent of debtor George Sariotis ("Debtor"), by and through his counsel, Broege, Neumann, Fischer & Shaver LLC (Timothy P. Neumann, Esq. appearing), for the entry of the within Consent Order, and upon notice to the Chapter 11 Trustee (through Counsel Lauren Bielskie, Esq.) and upon notice to the twenty largest unsecured Creditors of the Estate as identified in the Debtor's Schedules and all other parties who have filed a Notice of Appearance in this action and for good cause shown, it is hereby ORDERED that:

1. The proof of claim deadline shall be extended to deem Two River's formal proof of claim timely filed as of March 20, 2020.

2. This Order shall only affect the rights of the Debtor and/or the Trustee to object and/or challenge the timeliness of the Proof of Claim and shall not affect the rights of any of the aforementioned parties to challenge any other aspect of the Proof of Claim.

The parties, with the full authority of their respective clients, hereby consent to the form and substance of the within consent order:

| | |
|---|---|
| MEYNER AND LANDIS LLP<br>*Attorneys for Two River Community Bank* | BROEGE, NEUMANN, FISCHER &<br>SHAVER LLC<br>*Attorneys for George Sariotis, Debtor* |
| By: */s/ Matthew P. Dolan*<br>    Matthew P. Dolan | By: */s/ Timothy P. Neumann*<br>    Timothy P. Neumann |