| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Robertson, Anschutz, Schneid & Crane LLC<br>Attorneys for Secured Creditor<br>10700 Abbott's Bridge Rd., Suite 170<br>Duluth, GA 30097<br>Telephone No.: 973-575-0707 (local)<br>Telephone No.: 470-321-7112 (main)<br><br>Laura Egerman, Esq. (LE-8250) | |
| In Re:<br><br>**GEORGE SARIOTIS,**<br><br>      **Debtor.** | Case No.:  19-32528-MBK<br><br>Chapter:  11<br><br>Hearing Date:  August 20, 2020<br><br>Judge:  Michael B. Kaplan |

## CERTIFICATION OF FACTS SUPPORTING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Secured Creditor, SELENE FINANCE LP, by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d), for a modification of the automatic stay provisions for cause, and, in support thereof, states the following:

1. Debtor, George Sariotis, filed a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on December 2, 2019.

2. On April 29, 2011, Debtor George Sariotis and Non-Filing Borrower Cindy Sariotis executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $210,000.00 to Two River Community Bank. The Mortgage was recorded on May 9, 2011 in Book OR-8890 at Page 4657 of the Public Records of Monmouth County, New Jersey.  The Mortgage was assigned to Secured Creditor. True and accurate copies of documents establishing a perfected security interest and ability to enforce the terms of the Note are attached hereto as Composite Exhibit "A."  The documents include copies of the Note with any required indorsements, Recorded Mortgage, Assignment(s) of Mortgage,

and any other applicable documentation supporting the right to seek a lift of the automatic stay and foreclose, if necessary.

3. The mortgage provides Secured Creditor a lien on the real property located at 1801 Pitney Street, Oakhurst, NJ 07755, in Monmouth County, and legally described as stated in the mortgage attached in Composite Exhibit "A."

4. The terms of the aforementioned Note and Mortgage have been in default, and remain in default, since February 1, 2020. As of April 17, 2020, Secured Creditor is due a total amount of $140,668.97 and arrears in the amount of $7,596.80. A true and accurate copy of Secured Creditor's Certification Regarding Calculation of Amount Due and/or Certification of Creditor Regarding Post Petition History is attached here to as Exhibit "B."

5. The appraised value of the property is $620,000.00. See Exhibit **"C"** which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

6. Secured Creditor's security interest in the subject property is being significantly jeopardized by Debtor's' failure to comply with the terms of the subject loan documents while Secured Creditor is prohibited from pursuing lawful remedies to protect such interest. Secured Creditor has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

7. If Secured Creditor is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

8. Secured Creditor respectfully requests the Court grant it relief from the Automatic Stay in this cause pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Secured Creditor for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to provide adequate protection which the Bankruptcy Code requires to be provided to the Secured Creditor. Secured Creditor additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets.

9. Once the stay is terminated, the Debtor will have minimal motivation to insure, preserve, or protect the collateral; therefore, Secured Creditor requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(3).

10. Secured Creditor has incurred court costs and attorney's fees in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the mortgage. Secured Creditor seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

11. Pursuant to D.N.J. LBR 9013-1(a)(3), no brief or memorandum of law is necessary as the facts stated do not give rise to extraordinary or unusual issues requiring further legal explanation.

**WHEREFORE**, Secured Creditor, prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Secured Creditor to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed by Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and appropriate.

DATED: July 23, 2020

Robertson, Anschutz, Schneid & Crane LLC
Attorneys for Secured Creditor
10700 Abbott's Bridge Rd., Suite 170
Duluth, GA 30097
Telephone No.: 973-575-0707 (local)
Telephone No.: 561-241-6901 (main)

By: /s/ Laura Egerman
Laura Egerman, Esq.
NJ Bar ID: LE-8250
Email: legerman@rasnj.com