# BROEGE, NEUMANN, FISCHER & SHAVER, L.L.C.
## ATTORNEYS AT LAW

TIMOTHY P. NEUMANN
PETER J. BROEGE
FRANK J. FISCHER
DAVID E. SHAVER
GEOFFREY P. NEUMANN

_____

CARL BROEGE
*of counsel*

25 ABE VOORHEES DRIVE
MANASQUAN, NEW JERSEY  08736
PHONE: (732) 223-8484
FAX  (732) 223-2416
email:tneumann@bnfsbankruptcy.com
geoff.neumann@gmail.com

August 11, 2020

Honorable Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
402 East State Street, 3rd Floor
Trenton, NJ 08608
Courtroom 8

Re:    George Sariotis
        Case No. 19-32528(MBK)
        Motion for Relief From the Automatic Stay
        filed by Selene Finance, L.P.
        **Return Date:  August 20, 2020 @ 10:00 a.m.**

Dear Judge Kaplan:

Please accept this letter brief in lieu of a more formal opposition to the motion of Selene Finance, L.P. (hereinafter "Bank") for stay relief as referenced above.  The Debtor's principal asset and residence is the subject property is located at 1801 Pitney Street, Oakhurst New Jersey 07755 (the "Property"). By the Bank's own valuation, the Property is worth approximately $620,000.00. The Bank is owed $140,668.97. Together with the arrearage in the amount of $7,596.80 the Bank's aggregate lien is $148,265.77.

Honorable Michael B. Kaplan, U.S.B.J.
*August 11, 2020*
*Page 2 of 5*

The Bank's interest rate according to its proof of claim is 4.375%, which equates to approximately $6,480.00 per annum or $540.00 per month. The Debtor has filed an application to retain a realtor [DN 40] and seeks time within which to market and sell the Property. In the space of 12 months, the Bank's lien will grow by approximately $6,500.00. The equity cushion is at present approximately $472,000.00.

The Supreme Court has held that the "interest in property" protected by section 361 of the Bankruptcy Code does not include a creditor's right to immediate foreclosure and thus an undersecured creditor was not entitled to interest on its collateral during the stay to assure adequate protection under Code § 362(d)(1). *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd., 484 U.S. 365, 372, 108 S. Ct. 626, 631, 98 L. Ed. 2d 740 (1988)* ("[T]he Creditor's "interest in property" obviously means his security interest without taking account of his right to immediate possession of the collateral on default.") The focus of adequate protection is on the depreciation of the secured creditor's "interest" in the collateral, which is limited to the secured claim as allowed under Code § 506(b). Thus, the equity cushion itself should not be protected. The Eleventh Circuit Court of Appeals has held precisely that and that payment of accruing post petition interest payments as adequate protection is not required. See *In re Delta Resources, Inc., 54 F.3d 722 (11th Cir. 1995). See also Matter of M4 Enterprises, Inc., 183 B.R. 981(Bankr. N.D. Ga. 1995)*; *In re Senior Care Properties, Inc., 137 B.R. 527 (Bankr. N.D. Fla. 1992)* (equity cushion of oversecured creditor not entitled to adequate protection); *In re Alyucan Interstate Corp., 12 B.R. 803 (Bankr. D. Utah 1981)*; *In re McCombs Properties VI, Ltd., 88 B.R.*

Honorable Michael B. Kaplan, U.S.B.J.
August 11, 2020
Page 3 of 5

261 (Bankr. C.D. Cal. 1988); *In re Westchase I Associates, L.P., W.D.N.C.1991, 126 B.R. 692.* (debtor not required to pay interest to protect oversecured creditor's "equity cushion" during reorganization period, where value of property itself was not declining, even though creditor was only marginally oversecured). Absent evidence that the property value is declining, secured creditors are entitled to no adequate protection payments. *In re Adams, 218 B.R. 597 (Bkrtcy. D. Kan. 1998).*

Based upon the above principles, it is evident that the Bank is not entitled to stay relief *or* periodic payments. The equity cushion alone adequately protects its interest. See *In re Dunes Casino Hotel, 69 B.R. 784 (Bkrtcy.D.N.J.1986)*; *In re Tucker, 5 B.R. 180 (Bkrtcy.S.D.N.Y.1980).* An equity cushion is the surplus of value remaining after the amount of indebtedness is subtracted from fair market value of the collateral. *In re Craig, Bkrtcy.E.D.Pa.1985, 50 B.R. 289.* It has been referred to as the "classic" form of adequate protection. *In re Jug End in the Berkshires, Inc., 46 B.R. 892, 899 (Bkrtcy.D.Mass.1985)*:

> Although not specifically mentioned in § 361, the classic protection for a secured debt justifying continuation of the stay is the existence of an "equity cushion." *In re Curtis, 9 B.R. 110, 112 (Bankr.E.D.Penn.1981).* An equity cushion is the value in the property above the amount owed to the creditor with a secured claim that will protect that creditor's secured interest from decreasing in value during the period that the automatic stay remains in effect. *In re Roane, 8 B.R. 997, 1000 (Bankr.E.D.Pa.1981), 14 B.R. 542 (D.C.E.D.Pa.1981).* It has been held that an equity cushion, standing alone, can provide adequate protection, *In re San Clemente Estates, 5 B.R. 605, 610 (Bankr.S.D.Cal.1980)*; *In re Tucker, 5 B.R.180, 182 (Bankr.S.D.N.Y.1980)*, and that a sufficient equity cushion can exist although not a single mortgage payment has been made. *In re Curtis, supra, at 111.*

*Honorable Michael B. Kaplan, U.S.B.J.*
*August 11, 2020*
*Page 4 of 5*

In assessing whether the equity cushion is sufficient to provide secured creditor with adequate protection, courts must be mindful that surplus of value over debt is inadequate unless there is enough equity to protect creditor during time it is likely to take creditor to obtain full satisfaction of its allowable claim. *In re R &amp; H Inv. Co., Inc., Bkrtcy.D.Conn.1985, 46 B.R. 114*. In the instant case, the interest accrues at $540.00 per month and the equity cushion of $472,000.00 will dwindle only slightly during the time period in which the Debtor proposes to market his property. If a debtor's equity exceeds the interest of the secured creditor, that interest is adequately protected by the equity cushion, and relief from automatic stay is not warranted. *In re Grant, 29 B.R. 375 (Bkrtcy.M.D.Pa.1983)*.

There was adequate protection precluding relief from the automatic stay where there was an equity cushion of approximately 20 percent of total value. *In re Mellor, 734 F.2d 1396 9th Cir.1984)*. An 18% equity cushion was sufficient to preclude stay relief in *In re Senior Care Properties, Inc., 137 B.R. 527 (Bkrtcy.N.D.Fla.1992)* and *In re Lane, 108 B.R. 6 (Bkrtcy.D.Mass.1989)*. A 17% equity cushion was adequate in I̲n re Dynaco Corp., 162 B.R. 389 (Bkrtcy.D.N.H.1993)*. An equity cushion of $430,000 against debt of approximately $2,748,737.55, or only 15.6%, was sufficient to provide "adequate protection" to secured creditor in *In re Standard Bldg. Associates, Ltd., 85 B.R. 644 (Bkrtcy.N.D.Ga.1988)*. An equity cushion of between 15% and 20% was held to constitute adequate protection in *In re Rogers Development Corp., 2 B.R. 679 (Bkrtcy.E.D.Va.1980)*.

*Honorable Michael B. Kaplan, U.S.B.J.*
*August 11, 2020*
*Page 5 of 5*

In the instant case, as a percentage of total value, the equity cushion is 76.13% ($472,000 equity in property worth at least $620,000.00). This meets the cushion found to be adequate in the above cases.

One court measured the equity cushion as a percentage of the debt and found equity equal to 20.4% of the secured debt adequately protected the secured creditor who thus was not entitled to stay relief. *In re Helionetics, Inc., 70 B.R. 433 (Bkrtcy.C.D.Cal.1987).* Application of the same calculus to the instant case yields an equity cushion that is 318.92% of the secured debt.

For the foregoing reasons, it is respectfully requested that the Court deny the motion to for stay relief.

Respectfully submitted,


s/ *Geoffrey Neumann*
   Geoffrey Neumann


GPN
cc:    Robertson, Anschutz, Schneid & Crane LLC  (Attn: Laura Egerman, Esq.)