**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
Timothy P. Neumann, Esq. [TN6429]
Geoffrey P. Neumann [059702019]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Tel.: (732) 223-8484
Email: timothy.neumann25@gmail.com
          geoff.neumann@gmail.com
*Attorneys for Debtor/Debtor-in-possession*

In Re:

GEORGE SARIOTIS,

    Debtor.

Case No.: 19-32528/MBK

Chapter 11

Hearing Date: February 18, 2021

Judge: Michael B. Kaplan

**VERIFIED APPLPICATION IN SUPPORT OF APPROVAL/CONFIRMATION
OF FIRST MODIFIED DISCLOSURE STATEMENT
AND PLAN OF LIQUIDATION FILED BY GEORGE SARIOTIS**

George Sariotis ("Debtor") hereby makes application to the Court for confirmation of his First Modified Plan of Reorganization (the "Plan") and offer this application in lieu of testimony.

1. The Debtor is an individuals residing at 1801 Pitney Street, Oakhurst, New Jersey.

2. The Debtor filed his petition under Chapter 11 of the Bankruptcy Code on December 2, 2019.

3. The Debtor filed his First Modified Disclosure Statement ("Plan") on December 31, 2020 [DN 68].

4. Copies of the Plan and a form of ballot were thereafter disseminated to creditors in compliance with section 1125 of the Bankruptcy Code.

5. The Plan divides the creditors and equity security holders of the Debtor into five (5) separate classes, the treatment of which is as follows:

A. Classes of Secured Claims. The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| CLASS | Claim Description | Impaired | Treatment |
|---|---|---|---|
| 1 | Secured Claim of Specialized Loan Servicing, LLC ("SLS"), in the amount of $135,889.33, secured by a first mortgage on real property commonly known as 1801 Pitney Street, Oakhurst, New Jersey. | YES | The Debtor and Secured Creditor have entered into an agreement whereby SLS has agreed to accept monthly adequate protection payments of $1,211.47 from the Debtor. The Debtor has further agreed to sell the property by September 21, 2021. |
| 2 | Secured Claim of Two River Community Bank is classified as an omnibus claim in the amount of $1,295,355.40 secured by: a second, third, fourth, and fifth mortgage on real property commonly known as 1801 Pitney Street, Ocean Township, New Jersey; a first, second, and third mortgage on real property commonly known as 61 Redwood Drive, Ocean Township, New Jersey; and a first and second mortgage on real property known as 1046 Wayside Road, Tinton Falls, New Jersey (collectively the "Properties"). | YES | The Debtor shall market and sell each of the Properties with a closing date no later than September 21, 2021. On account of its mortgages and/or foreclosure proceedings, Secured Creditor shall be paid in order of priority, principal, interest, late charges, and allowable counsel fees. To the extent the net proceeds are insufficient to pay any of the mortgages in full, the unpaid balances shall be reclassified as unsecured. In the event the Debtor is unsuccessful in the marketing and sale of any of the properties, Secured Creditor shall be free to proceed with remedies allowable by state law. The holder of the Claim(s) in this Class shall retain its prepetition lien(s), and all rights of the holder of the Claim(s) in this Class, to the extent not inconsistent with the Plan shall remain as set forth in the prepetition loan documents |

2

| | | | |
|---|---|---|---|
| | | | and as provided by applicable non-bankruptcy law.[1] |
| 3 | Secured Claim of Infiniti Financial Services in the amount of $14,040.00. | NO | The creditor filed a secured claim. This not a secured claim. The Debtor is simply co-signor on spouse's auto lease. This claim will be reclassified as unsecured and paid by Debtor's spouse in accordance with the lease terms. |
| 4 | Secured Claim Joseph Fazio-Wall, LLC in the amount of $14,930.01. | YES | There are liens on the property that are superior to the liens of this creditor. This claim will be modified to an unsecured claim pursuant to 506(a) and (d) and the lien shall be void. |

B. Classes of Priority Unsecured Claims. The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---|---|---|---|
| | NONE | | |

C. Class(es) of General Unsecured Claims.

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. The following chart identifies the Plan's proposed treatment of Class 2, which contains general unsecured Claims against the Debtor:

---

[1] The deadlines listed in the Debtor's treatment of Class 2 Secured Creditor, Two River Community Bank is modified via stipulation docketed on February 12, 2021.

3

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 5 | Unsecured claims not entitled to priority totaling approximately $36,199.86. | YES | The holders of the Allowed Claims in this Class shall be paid a total of $302 per month distributed pro rata (approximately 50% of Allowed Class 5 Claims), payable over a period of 5 years: commencing on the Effective Date and continuing every year thereafter until the payments have been paid in full. |

    D.  Class[es] of Equity Interest Holders.
      The following chart sets forth the Plan's proposed treatment of the class[es] of Equity Interest holders:

| CLASS | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 6 | Debtor's ownership interests in his assets. | NO | The Debtor shall retain ownership of his assets except to the extent provided in the Plan. |

7. The Debtor is an individual and manage his own own affairs.

8. The Debtor owns real property located at 1801 Pitney Street, Oakhurst, New Jersey where he resides. The Debtor also owns real property located at 61 Redwood Drive, Ocean Township, New Jersey and 1046 Wayside Road, Tinton Falls New Jersey (collectively, the "Properties"). The balance of the Debtors' assets consists of vehicles, personal/household items and financial assets, which the Debtor values at approximately $5,543.00.

9. Selene Finance, LP filed a secured proof of claim in the amount of $135,889.33 on property located at 1801 Pitney Street, Oakhurst, New Jersey. Its claim was transferred to

Specialized Loan Servicing, LLC; Two River Community Bank has filed a secured proof of claim in the aggregate amount of $1,295,355.40 spread amongst each of the Properties; Joseph Fazio Wall, LLC has filed a secured claim in the amount of $14,930.01; Infiniti Financial Services has filed a secured claim in the amount of $14,040.00; Woodhaven Lumber and Millwork, Inc. has filed an unsecured claim for $5,696.42; American Express National Bank has filed an unsecured claim for $7,384.94; The Internal Revenue Service has filed an unsecured claim in the amount of $6,744.05; Discover Bank has filed an unsecured claim in the amount of $13,857.27; TCM Bank, NA has filed an unsecured proof of laim in the amount of $1,782.10; Wells Fargo Bank, N.A. has filed an unsecured proof of claim in the amount of $732.08. The Debtor's total liabilities are in the amount of $1,360,525.27.

10. **Section 1129(a)(1)** of the Bankruptcy Code is satisfied because the Plan complies with the applicable provisions of 11 U.S.C. § 101 *et seq.*, in particular with sections 1122 regarding classification and 1123 as to the contents of the plan. As noted, the Plan separate creditors into separate classes comprised of persons and entities with similar rights and priorities and provides for equal treatment of all members of within each class. Creditors whose claims are not supposed to be classified have not been classified. "An examination of the Legislative History of this Section reveals that although its scope is certainly broad, the provisions it was most directly aimed at were Sections 1122 and 1123." In re S & W Enter., 37 B.R. 153, 158 (Bankr. N.D. Ill. 1984).

11. **Section 1129(a)(2)** of the Bankruptcy Code is satisfied because the proponent of the Plan has complied with the applicable provisions of 11 U.S.C. § 101 *et seq.*, in particular, the Debtor served the Plan and Disclosure Statement on all creditors as required by the

5

Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure and as a result, all creditors and parties in interest were afforded notice and opportunity to object and/or vote on the plan. See, In re Concrete Designers, Inc., 173 B.R. 354 (Bkrtcy.S.D.Ohio 1994).

12. **Section 1129(a)(3)** of the Bankruptcy Code is satisfied because the Plan has been proposed in good faith and not by any means forbidden by law, in particular because the Plan the Plan achieves results consistent with the Bankruptcy Code in that it provides for the treatment of creditors in a manner which respects their separate rights and priorities. As stated in Matter of Block Shim Dev. Co.-Irving, 939 F.2d 289, 292 (5th Cir. 1991):

> To be proposed in good faith, a plan must fairly achieve a result consistent with the Code. *In re Madison Hotel Associates,* 749 F.2d 410, 425 (7th Cir.1984). This requirement is viewed in the context of the circumstances surrounding the plan. *In re Sun Country Dev., Inc.,* 764 F.2d 406, 408 (5th Cir.1985).

13. **§1129(a)(4).** Any payment made or to be made by the proponent, by the Debtor, or by a person issuing securities or acquiring property under the Plan, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.

14. **§1129(a)(5).** The Debtor is an individual, not an entity. Consequently, none of the requirements of section 1129(a)(5)(A) apply because there are no individuals proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the Debtors, an affiliate of the Debtor participating in a joint Plan with the Debtor, or a successor to the Debtor under the Plan.

15. **§1129(a)(6).** There is no governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtor.

7. **§1129(a)(7).** Each class of claims and interests has either accepted the Plan or will receive under the Plan on account of their claims and interests property of a value, as of the

Effective Date of the Plan, that is not less than the amount they would receive or retain if the assets of the Debtors were liquidated under Chapter 7 of the Bankruptcy Code. The liquidation under Chapter 7 would in the Debtor's estimation be less than is being paid under the Plan as depicted in the following table:

| ASSETS | |
|---|---|
| 1801 Pitney Street, Oakhurst, New Jersey | 657,000.00 |
| 61 Redwood Drive, Ocean Township, New Jersey | 587,000.00 |
| 1046 Wayside Road, Tinton Falls, New Jersey | 160,000.00 |
| Personal/Household Items | 5,543.00 |
| **TOTAL ASSETS** | **1,409,543** |
| LIABILITIES | |
| Two River Community Bank (Total Omnibus Loans) | 1,295,355.40 |
| Joseph Fazio-Wall, LLC | 14,930.01 |
| Infiniti Financial Services | 14,040.00 |
| Unsecured Creditors | 36,199.86 |
| **TOTAL LIABILITIES** | **1,360,525.27** |
| AMOUNT PAID UNDER CHAPTER 7* | 0 |
| AMOUNT TO BE PAID PER PLAN | 18,100 |
| Expressed as % of claim | 50% |

*The Chapter 7 expenses of administration are estimated to be approximately 10% of the Debtor's total asset pool. This estimation is based upon the Chapter 7 trustee's right to his or her own administrative expenses in addition to expenses related to retention of an attorney, an appraiser, possibly an accountant, and a realtor to market and sell the real properties.

8. There have been no objections filed to confirmation of the Plan. Class 1 has not voted on the Plan.

9. Class 2 secured creditor Two River Community Bank ("Two River") holds the majority of the lien pool against the Debtor and has submitted a ballot accepting the Plan. Unsecured creditors American Express National Bank and Woodhaven Lumber and Millwork have both submitted ballots voting to accept to the Plan. No other creditors have submitted ballots.

10. Classes 3 and 4 have not voted on the Plan.

11. Class 5 is the general unsecured creditor body and has accepted the Plan,

12. Class 6 is the equity interest holders and is unimpaired.

13. **§1129(a)(8).** With respect to each class of claims or interests, (A) such class has accepted the plan; or (B) such class is not impaired under the plan. Classes 1, 3, and 4 have not voted. However, acceptance may be inferred from a failure to vote under principles articulated in In re Ruti-Sweetwater [, Inc., 836 F.2d 1263, 1266-67 (10th Cir.1988), endorsed by the Third Circuit Court of Appeals in In re Szostek, 886 F.2d 1405 (3d Cir.1989). See also, United States, IRS v. Price (In re Price), Case No.: 1-91-02573, Chapter 13, 1998 Bankr. LEXIS 612, at *3-4 (U.S. Bankr. M.D. Pa. Apr. 28, 1998) ("Under § 1322(a)(2), a Plan may provide for less than full payment of priority tax claims if there is agreement to such treatment by the taxing authority. The IRS's failure here to object to the Plan amounted to such an agreement. *See, In re Hebert, 61 B.R. 44, 46-47 (Bankr. W.D. La. 1986)* (IRS's failure to object to its treatment under plan constitutes 'agreement' to such treatment under § 1322(a)(2)); *In re Lindgren, 85 B.R. 447, 449 (Bankr. N.D. Ohio 1988)*). Classes 2 and 5 have voted to accept the Plan. Class 6 is not impaired.

14. **§1129(a)(9).** No creditors with claims under 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of the Bankruptcy Code have filed claims and the Debtor does not owe any creditor whose claim would be entitled to priority under these provisions of the Bankruptcy Code. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that: (A) with respect to a claim of a kind specified in section 507(a)(1) or 507(a)(2) of the Bankruptcy Code, on the effective date of the Plan, the holder of such claim will receive on account of such claim cash equal to the

allowed amount of such claim; and (B) with respect to a class of claims of a kind specified in section 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7) of this title, each holder of a claim of such class will receive: (i) if such class has accepted the Plan, deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the Plan, cash on the Effective Date of the Plan equal to the allowed amount of such claim; and (C) with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim deferred cash payments, over a period not exceeding five years after the Order for relief, of a value, as of the effective date of the Plan, equal to the allowed amount of such claim.

15. **§1129(a)(10).** At least one class of claims that is impaired has accepted the Plan because Classes 2 and 5 have voted to accept the Plan.

16. **§1129(a)(11).** Confirmation of the plan is not likely to be followed by the liquidation of the Debtor or any successor to the Debtor under the plan, because this is a liquidation plan where the Debtor intends to sell his real property assets. Payments to Class 5 creditors shall be made by the Debtor.

17. **§1129(a)(12).** All fees payable under section 1930 of title 28, as determined by the court at the hearing on confirmation of the Plan, have been paid or the Plan provides for the payment of all such fees on the effective date of the Plan.

18. **§1129(a)(13).** The Debtor has never paid retiree benefits to any person prior to confirmation and is not obligated to provide such benefits in the future.

19. **§1129(a)(14).** The Debtor is an individual and is not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.

20. **§1129(a)(15).** No holder of an Allowed Unsecured Claim has filed an objection to the Plan.

21. **§ 1129(a)(16)**. The Debtor is not a corporation or trust that is not a moneyed, business, or commercial corporation or trust and therefore § 1129(a)(16) is not applicable.

22. The Debtor respectfully requests that his Plan be confirmed.

We have read the statements of fact set forth above. We certify that said statements are true. We are aware that if any of said statements made are willfully false, we are subject to punishment.

Dated:  February 12, 2021                    /s/  *George Sariotis*
                                             George Sariotis