UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Geoffrey P. Neumann, Esq.[059702019]
Timothy P. Neumann, Esq. [TN6429]
Broege, Neumann, Fischer & Shaver, LLC
25 Abe Voorhees Drive
Manasquan, New Jersey 08736
Tel: (732) 223-8484
Email: timothy.neumann25@gmail.com
           geoff.neumann@gmail.com

*Attorneys for Debtor-in-Possession*
*George Sariotis*

In Re:

**GEORGE SARIOTIS**,

    Debtor.

Case No.: 19-32528/MBK

Chapter 11

Judge: Hon. Michael B. Kaplan

Order Filed on April 6, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## ORDER CONFIRMING FIRST MODIFIED PLAN OF REORGANIZATION

The relief set forth on the following page(s) numbered two (2) through four (4) is hereby ORDERED.

**DATED: April 6, 2021**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| In Re: | George Sariotis |
| Case No.: | 19-32528(MBK) |
| Caption of Order: | Order Confirming First Modified Plan of Liquidation |

This matter being opened to the Court by Broege, Neumann, Fischer & Shaver, LLC, counsel to George Sariotis, debtor/debtor-in-possession herein (the "Debtor"), requesting confirmation of the Debtor's First Modified Plan of Liquidation filed as Doc 67 on December 31, 2020 (a copy of which is annexed hereto as **Exhibit A**, the "Plan") as described in the First Modified Disclosure Statement also filed December 31, 2020 (the "Disclosure Statement") [Dkt. 68]; and it appearing that: (i) the Disclosure Statement was approved by the Order of the Court entered on January 7, 2021 [Dkt. 70]; (ii) a Certification of Balloting was filed on February 15, 2021 (Dkt. 75); (iii) a *Verified Application Support of Confirmation of the First Modified Plan of Reorganization* (the "Supporting Application")[Dkt. 74] was filed on February 15, 2021; and (iv) a Stipulation of Modification to Deadlines Set Forth in Debtor's Disclosure Statement entered into between the Debtor and Two River Community Bank (now OceanFirst Bank via merger) (the "Stipulation") was filed on February 12, 2021 [Dkt. 73]. The Stipulation (annexed hereto as "**Exhibit B**") is incorporated as part of the Debtor's Plan and Disclosure Statement. The Court having conducted a confirmation hearing on April 1, 2021 (the "Confirmation Hearing"); and upon the record of the hearings and all the proceedings held before the Court in this case (the "Chapter 11 Case"); and for the reasons set forth on the record at the Confirmation Hearing; and after due deliberation, and sufficient cause appearing therefore; and

It having been FOUND and DETERMINED, after notice and a hearing, that[1]:

A. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is

---

[1] Certain of the terms used herein are defined in the Plan, and except as otherwise provided, such terms when used in this Order shall have the same meaning as set forth in the Plan. Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

| | |
|---|---|
| Page 3 of 2 | |
| In Re: | George Sariotis |
| Case No.: | 19-32528(MBK) |
| Caption of Order: | Order Confirming First Modified Plan of Liquidation |

a core proceeding under 28 U.S.C. §157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

    B. This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Chapter 11 Case.

    C. Any person required to receive notice of the hearing on the adequacy of the Disclosure Statement and confirmation of the Plan has received due, proper and adequate notice thereof. All persons having an interest, vested or contingent, present or future, in the Debtor, to the extent such persons can presently be identified, received a copy of the Plan and the Disclosure Statement and due, proper and adequate notice of the Confirmation Hearing, which notice complied with Rule 2002 of the Bankruptcy Rules. Due, proper and adequate notice and an opportunity to appear was given to all persons with any claim against or interest in the Debtor. Any person desirous of reviewing the Plan and Disclosure Statement was afforded such opportunity.

    D. The Debtor, as proponent of the Plan, has satisfied its burden of proving, by a preponderance of evidence, the elements of section 1129(a) and (b) as applicable.

    E. The requirements for final approval of the disclosure statement have been satisfied, and it having been determined after a hearing on notice that the requirements for confirmation of the plan under 11 U.S.C. §1129 have been satisfied.

Page 4 of 2
In Re:            George Sariotis
Case No.:         19-32528(MBK)
Caption of Order: Order Confirming First Modified Plan of Liquidation

    F. The requirements for confirmation of the plan under 11 U.S.C. §1129 (a) have been satisfied.

**BASED UPON THE ABOVE FINDINGS, IT IS HEREBY ORDERED** that:

    1. The First Modified Chapter 11 Plan and Disclosure Statement filed by George Sariotis the Debtor, on December 31, 2020 is confirmed subject to the terms of this Order.

    2. The amounts due to the United States Trustee pursuant to 28 U.S.C 1930(a)(6) that remain outstanding shall be paid on or before the Effective Date; and

    3. The Stipulation is hereby incorporated by reference into the Plan; and

    4. To the extent that there are any inconsistencies between the Confirmation Order and the Plan, the Confirmation Order shall control. To the extent there are any inconsistencies between the Stipulation and the Plan or the Confirmation Order, the Stipulation shall control.

United States Bankruptcy Court

District of New Jersey

In re:  
George Sariotis  
    Debtor

Case No. 19-32528-MBK  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0312-3      User: admin      Page 1 of 2  
Date Rcvd: Apr 08, 2021      Form ID: pdf903      Total Noticed: 1

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 10, 2021:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | George Sariotis, 1801 Pitney St, Oakhurst, NJ 07755-2840 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

## NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 10, 2021      Signature:      /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 8, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| David B. Grantz | on behalf of Creditor Two River Community Bank dgrantz@meyner.com ckelly@meyner.com |
| Geoffrey P. Neumann | on behalf of Debtor George Sariotis geoff.neumann@gmail.com |
| Kyle Francis Eingorn | on behalf of Creditor McCormick 110 LLC keingorn@dbblegal.com |
| Laura M. Egerman | on behalf of Creditor SPECIALIZED LOAN SERVICING LLC bkyecf@rasflaw.com, bkyecf@rasflaw.com;legerman@rasnj.com |
| Laura M. Egerman | on behalf of Creditor Selene Finance LP bkyecf@rasflaw.com bkyecf@rasflaw.com;legerman@rasnj.com |
| Laura M. Egerman | on behalf of Creditor U.S. BANK NATIONAL ASSOCIATION bkyecf@rasflaw.com bkyecf@rasflaw.com;legerman@rasnj.com |
| Lauren Bielskie | on behalf of U.S. Trustee U.S. Trustee lauren.bielskie@usdoj.gov |
| Linda T. Snyder | |

| District/off: 0312-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Apr 08, 2021 | Form ID: pdf903 | Total Noticed: 1 |

on behalf of Creditor Two River Community Bank lsnyder@meyner.com

Matthew Patrick Dolan

on behalf of Creditor Two River Community Bank mdolan@meyner.com

Timothy P. Neumann

on behalf of Debtor George Sariotis timothy.neumann25@gmail.com
btassillo@aol.com;geoff.neumann@bnfsbankruptcy.com;geoff.neumann@gmail.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11